# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARAY PELIER,<br><br>                Plaintiff,<br><br>v.<br><br>JOSEPH PAUL KALINOWSKI, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:16-CV-02095<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Before the Court is a complaint and motion to proceed *in forma pauperis* filed by *pro se* Plaintiff Jaray Pelier on October 18, 2016.[1] (Doc. 1; Doc. 2). Pelier, a prisoner currently incarcerated at SCI-Graterford,[2] initiated the present action pursuant to 42 U.S.C. § 1983, seeking compensatory damages for ineffective assistance of counsel and assault by his public defender. (Doc. 1). Pelier seeks redress from his public defender, Joseph Kalinowski, as well as the Lackawanna County Office of the Public Defender ("OPD"), and County itself. Upon screening, the Court recommends that Pelier's complaint be dismissed for failure to state a claim upon which relief can be granted.

---

[1] In an Order filed concurrently with this Report and Recommendation, the Court grants Pelier's motion to proceed *in forma pauperis*.

[2] On the date of filing, Pelier was incarcerated in the Lackawanna County Prison. He has since been transferred.

## I. BACKGROUND AND PROCEDURAL HISTORY

In his complaint, Pelier alleges that trial counsel for his state court trial, Joseph Kalinowski, provided ineffective assistance of counsel; which Kalinowski attributed to a lack of funds. (Doc. 1, at 3). Pelier also asserts that on September 1, 2016, Kalinowski choked and scratched him during the sentencing phase of his trial following a verbal altercation between the two at the courthouse. (Doc. 1, at 5-6).

Pelier also filed a motion to proceed *in forma pauperis*; however the Court was unable to rule on it at that time, as Pelier's inmate trust account statement had not been provided. On February 10, 2017, the Court ordered the warden of the Lackawanna County Prison to provide a copy of Pelier's inmate trust account statement. (Doc. 6). Informed that Pelier had been transferred, the Court ordered the same of the warden at SCI-Graterford. (Doc. 10). Apparently received by the Lackawanna County Prison instead, Pelier's statement was filed on February 27, 2017. (Doc. 11). In receipt of the necessary information to rule upon Pelier's motion, the Court is also now able to conduct the statutorily mandated screening of Pelier's complaint.

## II. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. See 28 U.S.C. § 1915(e)(2). In this case, because the remaining Plaintiffs are suing a governmental entity, and bringing suit *in forma pauperis*,

multiple provisions apply necessitating screening. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> [s]tandards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. Cnty of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

Pelier raises violations of his civil rights pursuant to 42 U.S.C. § 1983. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). "As the 'under color of state law' requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

> A. <u>Public Defender Joseph Kalinowski and the Lackawanna County Office of the Public Defender are not persons for the purposes of § 1983</u>

As Pelier's claim is predicated upon a finding that his public defender is a "person" for the purposes of § 1983, the Court must first inquire into the statute's applicability to his public defender's conduct. A private individual may—under limited circumstances—be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action).

However, the conduct of Pelier's public defender cannot fairly be viewed as state action. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d

268, 277 (3d Cir. 1999); *see also Shahin v. Darling*, 606 F. Supp. 2d 525, 540 (D. Del. 2009) ("The law firm defendants are not state actors, but rather law firms who represented a defendant in civil actions filed by plaintiff."), *aff'd*, 350 Fed.Appx. 605 (3d Cir. 2009). Furthermore, the mere fact that Pelier's public defender works for a legal services organization ostensibly funded by the Commonwealth does not render the public defender a state actor for § 1983 purposes.[3] *See Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 542 (2001) ("The LSC lawyer ... speaks on the behalf of his or her private, indigent client."); *Brown v. Tucci*, 960 F. Supp. 2d 544, 581 (W.D. Pa. 2013) ("Even where a private litigant is represented by an attorney employed by the government, the attorney's actions and representations are attributed to his or her client rather than to the employing governmental entity."); *cf. Polk Cnty. v. Dodson*, 454 U.S. 312, 321–22 (1981) (holding that a public defender does not act "under color of state law" because he "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control").

Under lengthy precedent, the acts of public defenders in the performance of their representation do not provide for relief under § 1983. Thus, claims against Pelier's public defender, Joseph Kalinowski, as well as the Lackawanna County Office of the Public Defender[4]

---

[3] In fact, at the time of the incidents in question, Pennsylvania held "the dubious distinction of being the only state in the nation" that does not provide funding to public defenders, instead deferring such responsibility to local municipalities. *See Kuren v. Luzerne Cnty.*, 146 A.3d 715, 749 (Pa. 2016).

[4] Pelier does not allege any facts in the body of his complaint attributable to the OPD. Accordingly, the Court can only interpret the OPD's inclusion as a Defendant as falling under a
*(footnote continued on next page)*

must be **DISMISSED** as neither Kalinowski nor the OPD is a person for the purposes of § 1983.

### B. PELIER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS NOT COGNIZABLE UNDER § 1983

Even were this Court to disregard extensive precedent precluding public defenders from § 1983 liability, the foundational claim raised by Pelier affords no relief under the statute. "[A] prisoner does not have a cognizable § 1983 claim, even if he or she does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." *Grier v. Klem,* 591 F.3d 672, 677 (3d Cir.2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). A meritorious ineffective assistance of counsel claim requires the movant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). Thus, a judgment in Pelier's favor on his ineffective assistance of counsel claim would necessarily imply the invalidity of his conviction. *See Thomas v. Jones*, 428 F.App'x 122, 124 (3d Cir. 2011). This is plainly articulated in *Heck*, where the Supreme Court stated that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

theory of *respondeat superior*. However, § 1983 relief does not extent under a theory of *respondeat superior*. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Finding no other basis for the OPD's identification as a Defendant, relief on this theory is unavailable and the OPD should be dismissed.

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.

Thus, as Pelier's § 1983 claim is predicated upon ineffective assistance of counsel which, if proven, would invalidate his state court conviction, a civil rights action is the improper vehicle for relief. Pelier's claims fall under the habeas corpus umbrella, even though he seeks monetary damages as opposed to release in his complaint. *See Rushing v. Pennsylvania*, 637 F.App'x 55, 58 (3d Cir. 2016). As a result, this Court cannot provide relief predicated upon the cited civil rights statute, and Pelier's claim on these grounds must be **DENIED**.

> C. <u>Pelier has not identified a policy or custom to establish municipal liability under § 1983 on the part of Lackawanna County</u>

A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983. The Supreme Court has held that:

> Congress *did* intend municipalities and other local government units to be included among those persons to whom §1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

8

However, it has also been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of *respondeat superior. See e.g. City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478-79 (1986). Rather, "a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of Cnty. Comm'rs of Bryan Cnty, Okla. v. Brown,* 520 U.S. 397, 403 (1997); *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996). The United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating that:

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
>
> *Bryan Cnty.*, 520 U.S. at 403.

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Andrews v. City of Phila.,* 895 F.2d at 1480 (citing *Monell,* 436 U.S. at 694). For purposes of imposing § 1983 liability, the Third Circuit added in *Andrews,* there are two ways in which a governmental policy or custom is established:

> Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986). A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law. *Monell,* 436 U.S. at 690.
>
> *Andrews*, 895 F.2d at 1480.

In the instant matter, Pelier has not alleged any facts attributable to Lackawanna County to attach liability. Pelier makes no reference to the County except naming it as a Defendant. As a *pro se* complaint is to be liberally construed, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court inquires beyond the facially enumerated facts to see if Pelier has advanced any allegations sufficient to survive dismissal.

A plain reading of the complaint would lead the Court to infer that liability is predicated upon *respondeat superior*, which is not cognizable for relief under § 1983 pursuant to *Monell*. Reading well beyond Pelier's statements, it appears that he may have made an attempt to reference systematic underfunding of the public defender's office as the cause of his ineffective assistance of counsel in violation of the Sixth Amendment's right to representation and *Gideon v. Wainwright*, 372 U.S. 335 (1963). (Doc. 1, at 3) ("My lawyer [claims] that they did not give him the right amount of funds to gather what I needed for my trial."). However, this statement does not fit the requirements of *Monell*, where a litigant must identify a policy or custom causing a deprivation of his constitutional rights. Pennsylvania recently recognized a cause of action predicated upon underfunding of Public Defender's Offices. *See Kuren v. Luzerne Cnty.*, 146 A.3d 715, 751 (Pa. 2016). However, *Kuren* declined to extend this underfunding to universally amount to a claim for ineffective assistance of counsel as defined in the seminal case of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Kuren*, 146 A.3d at 746-747; *see also Tucker v. State of Idaho*, 2017 WL 1533651, at *4 (Idaho Apr. 28, 2017) ("*Strickland*, therefore, is inapplicable when systemic deficiencies in the provision of public defense are at issue."). As the most generous reading of Pelier's complaint leads to an inference that Lackawanna County's liability is premised upon underfunding of the Office of the Public Defender, it appears that Pelier asserts the very "systemic deficienc[y]" that does not provide relief for ineffective

assistance of counsel. Thus, Defendant Lackawanna County must be **DISMISSED WITHOUT PREJUDICE**, as Pelier has failed to state a claim upon which relief can be granted.

IV.   LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). The Court finds that amendment of claims against Joseph Kalinowski and the Lackawanna County Office of the Public Defender on § 1983 grounds would be futile. Accordingly, claims for relief against Kalinowski or the Lackawanna OPD based on § 1983 should be **DISMISSED WITH PREJUDICE**. However the Court does not go so far as to say there is no relief potentially available based on the facts alleged. Likewise, the Court finds that Pelier should have the opportunity to amend the claims raised in his complaint against Lackawanna County. Thus, leave to amend should be **GRANTED**.

V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** in its entirety. Specifically, the Court recommends that:

1. Claims for relief against Public Defender Joseph Kalinowski predicated upon § 1983 should be **DISMISSED WITH PREJUDICE**, as Kalinowski is not a state actor for § 1983 purposes;

2. Claims for relief against the Lackawanna County Office of the Public Defender predicated upon § 1983 should be **DISMISSED WITH PREJUDICE**, as the OPD is not a state actor for § 1983 purposes;

3. Claims for relief against Lackawanna County should be **DISMISSED WITHOUT PREJUDICE**, as Pelier has failed to identify a policy or custom sufficient for relief under *Monell*. Further, to the extent Pelier's claim is that the systemic underfunding of the OPD by Lackawanna County caused Pelier to receive ineffective assistance of counsel, his claim should likewise be **DISMISSED**; and,

4. Leave to amend against all parties be **GRANTED**, except to claims specifically identified as not-cognizable in the foregoing Report and Recommendation.

**Dated: May 15, 2017** *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARAY PELIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH PAUL KALINOWSKI, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:16-CV-02095<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 15, 2017　　　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**